Rosanne S. DeTorres
DeTorres & DeGeorge, LLC
146 Main Street
Flemington, NJ 08822
Tel:  (908) 284-6005 office
*Attorneys for all Plaintiff*

Maurice Harmon
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Tel:  (610) 262-9288
E-Mail:  maurice@harmonseidman.com
*Of Counsel*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANS LANTING<br><br>               Plaintiff,<br><br>v.<br><br>PEARSON EDUCATION, INC.,<br><br>               Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

This is an action for copyright infringement and contributory copyright infringement brought by Plaintiff Frans Lanting, owner of the copyrights to the photographs described hereafter and licensed for limited use to Defendant Pearson Education, Inc. ("Pearson") by Minden Pictures, Inc., a stock photography licensing agency engaged in licensing photographic images to publishers, including Pearson.  This action is against Pearson for uses of Plaintiff's photographs without his authority or permission.  Plaintiff demands a jury trial and alleges:

## PARTIES

1.      Plaintiff Frans Lanting is a professional photographer and a resident of California.

2.      Pearson is a Delaware corporation with its corporate headquarters in New Jersey. A publisher of educational textbooks, Pearson sells and distributes its publications via its employees and agents in New Jersey and throughout the United States and overseas, including the publications and ancillary materials in suit, in which Plaintiff's photographs are unlawfully reproduced.  At all times pertinent to the allegations herein, Pearson acted through and in concert with its various imprints, divisions, partners, affiliates, subsidiaries and predecessors, and Pearson's parent company and its parent's subsidiaries and affiliates.

## JURISDICTION

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 United States Code §§ 1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

## VENUE

4.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a) because Pearson is a resident of New Jersey, Pearson infringed Plaintiff's copyrights in New Jersey, and a substantial part of the events or omissions and alleged misconduct giving rise to Plaintiff's claims occurred in New Jersey.

## FACTS COMMON TO ALL COUNTS

5.      Plaintiff created the photographic images depicted in Exhibit 1 ("the Photographs") and is co-owner of the copyrights to those images.  Plaintiff entered into a Photographer's Agency Agreement for the Licensing of Stock Photographs ("the Lanting Agency Agreement") with Minden Pictures.  The Lanting Agency Agreement authorized Minden

Pictures to sell licenses to publishers allowing them to reproduce Plaintiff's copyrighted images and to display and distribute copies of the images to the public.

6.      Plaintiff has the right, by assignment from Minden Pictures, to present, litigate and settle any claims against Pearson relating to unauthorized uses of the Photographs.

7.      The Photographs have been registered with the United States Copyright Office, except the images identified in Exhibit 1 as Image ID 00004740a ("King Penguins Courting") and Image ID 00025786 ("Bald Eagle Portrait").  Complete applications for copyright registration for both images have been received by the Copyright Office.

8.      Between 1998 and 2010, in response to permission requests from Pearson, Minden Pictures sold Pearson limited licenses to use copies of the Photographs in numerous educational publications.  The licenses Minden Pictures granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media (print or electronic) as set forth in Exhibit 1.

9.      At the time Pearson represented to Minden Pictures in its requests that it needed specified, limited licenses to use the Photographs, Pearson often knew its actual uses under the licenses would exceed the permission it was requesting and paying for.

10.     Pearson intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings and to conceal the copyright infringements that followed.  Pearson was successful and achieved both these wrongful ends.

11.     Minden Pictures granted the restricted licenses in response to Pearson's representations to Minden Pictures that its use of the Photographs would not exceed the limitations contained in Pearson's request letters.

3

12.    Upon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses granted by Minden Pictures in the publications identified in Exhibit 1 and related ancillary publications, including, but not limited to, custom editions, pupil editions, teacher editions and study guides, as well as digital, electronic and online editions, e-books, CDs, DVDs, CD-ROMs, flash drives, screen shots, laser disks, audiotapes, videotapes, Power Point presentations, uses on Internet websites, advertising and sales materials, samples, pilots, facsimiles, and other associated publications and products.

13.    Upon information and belief, Pearson used the Photographs without securing any license or permission in additional publications.  Because Pearson alone has knowledge of these wholly unauthorized uses, Plaintiff cannot further identify them without discovery.  Upon information and belief, Pearson has developed a list of its wholly unlicensed uses, and Plaintiff's Photographs are among those Pearson has so identified.

### Pearson's Pattern of Copyright Infringement

14.    Pearson used many copyrighted photographs in ways that were not permitted under the limited licenses Pearson obtained from Minden Pictures.  For example:

A.    In August 2005 Pearson sought and secured a license to use 22 copyrighted photographs, including five created by Plaintiff, for up to 200,000 copies in the middle school textbook, Scott Foresman *Science*, Grade 3.  Exhibit 2-a.  By April 2009, Pearson had printed 354,847 copies of the book.  Exhibits 2-b and 2-c.  In November 2009, rather than disclose the unauthorized overprinting to Minden Pictures, Pearson sought to extend the license by 100,000 copies — an amount that did not even cover existing overprintings and was insufficient to cover future printings of the photographs.  Exhibit 2-d.

4

B.      In March 2004 Pearson sought and secured a license to use seven copyrighted photographs, including five created by Plaintiff, in *Essential Biology with Physiology*, limited to 40,000 copies and North American distribution. Exhibit 3-a. Without permission from Minden Pictures, Pearson printed at least 81,000 copies. Exhibit 3-b. Pearson also created an unauthorized international edition and distributed it overseas.  Exhibit 3-c.

C.      Pearson exceeded the limited licenses it obtained from Minden Pictures in numerous additional publications:

i.      On or about April 21, 2009, Pearson obtained from Minden Pictures a license to print one or more copyrighted photographs in 400,000 copies of *Pearson Literature*.  As of May 24, 2010, Pearson had printed 910,498 copies of the publication.

ii.      On or about May 11, 2009, Pearson obtained from Minden Pictures a license to print one or more photographs in 400,000 copies of *Biology* 8E.  As of May 24, 2010, Pearson had printed 540,688 copies of the publication.

iii.      On or about June 24, 2008, Pearson obtained from Minden Pictures a license to print one or more copyrighted photographs in 40,000 copies of *Earth Science*.  As of May 24, 2010, Pearson had printed 96,847 copies of the publication.

iv.      On or about June 9, 2008, Pearson obtained from Minden Pictures a license to print one or more copyrighted photographs in 40,000 copies of *Keystone Level F* 1e. As of May 24, 2010, Pearson had printed 59,800 copies of the publication.

v.      On or about March 18, 2009, Pearson obtained from Minden Pictures a license to print one or more copyrighted photographs in 40,000 copies of *Principles of Chemistry:  A Molecular Approach* 1E.  As of May 24, 2010, Pearson had printed 57,192 copies of the publication.

vi.    On or about March 3, 2008, Pearson obtained from Minden Pictures a license to print one or more copyrighted photographs in 40,000 copies of *Essentials of Geology*.  As of May 24, 2010, Pearson had printed 49,191 copies of the publication.

15.    Pearson's practice of requesting and paying for a license for limited uses, and then exceeding those licensed uses, extends beyond publications containing photographs licensed by Minden Pictures.  Pearson's has engaged in a widespread practice of systematically infringing copyrights in photographs. For example:

A.    Pearson licensed to print 100,000 copies of images in *California Social Studies, Triumph*, Grade 3.  It printed 679,859 copies.

B.    Pearson licensed to print 40,000 copies of images in *Developmental Reading Assessment* 2001.  It printed over 350,000 copies.

C.    Pearson licensed to print 400,000 copies of images in *Biology*, Eighth Edition.  It printed over 700,000 copies.

D.    Pearson licensed to print 250,000 copies of images in Scott Foresman *Science*, Grade 2 2005.  It printed 529,213 copies.

E.    Pearson licensed to print 200,000 copies of images in Prentice Hall *Chemistry* 2004.  It printed 395,345 copies.

F.    Pearson licensed to print 40,000 copies of images in *Chemistry*, Second Edition by McMurry-Fay.  It printed 123,972 copies.

16.    On May 3, 2010 and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained.

6

17.     On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained."

18.     While the lost licensing fee to any individual copyright holder is relatively small, Pearson has sold and distributed millions of these publications, generating billions in revenue. Pearson's business model, built on a foundation of pervasive and willful copyright infringement, deprived Plaintiff and thousands of other visual art licensors of their rightful compensation and unjustly enriched Pearson with outlandish profits in the process.

19.     After learning of Pearson's use of some copyrighted photographs in ways that were not permitted under Minden Pictures' limited licenses, Minden Pictures asked Pearson for additional information regarding its uses of other licensed photographs.  Pearson declined to provide the requested information.

20.     Other photographers and stock photography agencies have been forced to sue Pearson alleging copyright infringement claims similar to those asserted by Plaintiff in this action.  In these cases, Pearson seeks judicially-conferred immunity for its widespread copyright infringements by this "commit-the-perfect-crime" approach:

A.     License for unrealistically low limits, giving Pearson access to the photographs and concealing its infringements because the licensors don't know if and when Pearson violates any particular license's limits.

B.     Use beyond those limits without notice to the licensors.

C.     Refuse to disclose its unauthorized uses when requested.

D.      Argue in court that infringement claims pleaded "upon information and belief" – necessary because Pearson, the sole source of accurate information about its infringing uses, refuses to disclose such information – must be dismissed as unsupported by evidence and that only infringements Pearson publicly acknowledges before suit are actionable.

No court has granted such a motion and they have been denied in at least the following cases: *Grant Heilman Photography Inc. v. Pearson Education, Inc.* (E.D. Pa. No. 5:11-cv-04649-LDD); *Jon Feingersh Photography, Inc. v. Pearson Education, Inc.* (E.D. Pa. No. 11-cv-05122-AB); *Tom Bean v. Pearson Education, Inc.* (D. Az. No. 3:11-cv-08030-PGR); *Viesti Associates, Inc. v. Pearson Education, Inc.*, No. 12-cv-01431-PAB-DW; *Pacific Stock, Inc. v. Pearson Education, Inc.* (D. Hawaii No. 11-cv-00423-SOM-BMK); *Robert Frerck v. Pearson Education, Inc.* (N.D. Ill. No. 1:11-cv-05319); *Alaska Stock, LLC v. Pearson Education, Inc.* (D. Alaska No. 3:11-cv-00162 TMB); *Carr Clifton v. Pearson Education, Inc.* (N.D. Cal. No. 5:11-cv-03640-EJD); *Minden Pictures, Inc. v. Pearson Education, Inc.* (N.D. Cal. No. C 11-05385 WHA; and *Panoramic Stock Images, Ltd. v. Pearson Education, Inc.* (N.D. Ill. No. 12-cv-09918). To avoid another adverse ruling, Pearson withdrew its motion to dismiss in *Phil Degginger v. Pearson Education, Inc.* (E.D. Pa. No. 11-cv-01302-GKP).

21.     When Pearson copied, distributed and used the Photographs without authorization, Pearson had a duty in equity and good conscience to disclose those uses to Minden Pictures. This is especially so because Pearson knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but neither Plaintiff nor Minden Pictures had any such knowledge or any reason to assume Pearson was being deceitful in the uses it was making of the Photographs.

22.     Pearson's scheme was effective and worked as intended.  For years the infringements that followed Pearson's deceptive practices were concealed.  To this day, Pearson alone knows the full extent to which it has infringed Plaintiff's copyrights.

### Contributory Copyright Infringement

23.      Upon information and belief, Pearson facilitates the international distribution of its publications, in part, through its international rights management group ("IRMG") located in Indiana and New Jersey.  The IRMG website indicates that it is the IRMG's "mission to maximize the number of translations and local versions published that are based upon products of Pearson Education," and that the IRMG "arranges for approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world." The IRMG website also indicates that its team "frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books."

24.     Upon information and belief, Pearson reproduced and distributed the Photographs without Plaintiff's permission to other entities, subsidiary companies, divisions, affiliates and/or third parties ("Third Parties").  Upon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States.

25.     Upon information and belief, the Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints without Minden Pictures permission.  By way of example:

A.     Pearson reproduced and distributed photographs it obtained from Minden Pictures to its affiliate Pearson Studium for use in a German-language publication, *Allgemaine Geologie*.  Exhibit 4.

B.      Pearson reproduced and distributed photographs it obtained from Minden Pictures, including an image created by Plaintiff, to its affiliate Pearson Studium for use in a German-language publication, *Ökologie*.  Exhibit 5.

26.      By transmitting the photographs to the Third Parties, Pearson enabled, induced, caused, facilitated, or materially contributed to the Third Parties' unauthorized reproduction and distribution of the photographs.

27.      Upon information and belief, Pearson permitted Third Parties to distribute Pearson's publications containing the Photographs in new territories, to translate its publications into new languages, and to adapt its publications for distribution in additional territories.

28.      Upon information and belief, Pearson knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without Plaintiff's authorization.

29.      Upon information and belief, Pearson knew that the Third Parties were reproducing and distributing Plaintiff's Photographs without authorization.

30.      Upon information and belief, Pearson had the right and ability to control the Third Parties' use of the Photographs.

31.      Upon information and belief, Pearson directly profited from its transmission of the Photographs to the Third Parties since such Third Parties paid Pearson for translation and distribution rights, including access to all of the content in the publications.

32.      On November 7, 2011 Minden Pictures filed an action against Pearson in the Northern District of California, *Minden Pictures, Inc. v. Pearson Education, Inc.*, No. C 11-05385 WHA.  The action sought recovery for copyright infringement and contributory infringement in connection with numerous photographs for which limited licenses were issued to

Pearson by Minden, including the Photographs in suit.  The court dismissed the action on March 5, 2013, concluding that Minden Pictures did not have standing to sue.  The order stated, "This is a ruling on standing only. It does not bar the photographers themselves from suing Pearson on the same claims."

33.     All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

### COPYRIGHT INFRINGEMENT

34.     Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

35.     The foregoing acts of Pearson constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq*.

36.     Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

## COUNT II

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

37.     Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

38.     The foregoing acts of Pearson constitute contributory infringement of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq*.

39.     Plaintiff suffered damages as a result of the unauthorized use of the Photographs.

WHEREFORE, Plaintiff requests the following:

1.      A permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2.      As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3.      An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4.      An award of Plaintiff's reasonable attorneys' fees as permitted by 17 U.S.C. § 505 or any other statute or regulation.

5.      An award of Plaintiff's reasonable attorneys' fees as permitted by the license agreements between Minden Pictures and Pearson.

6.      An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

7.      Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED:  May 23, 2013

                              Plaintiff Frans Lanting by his attorneys,


                              /s/ *Rosanne S. DeTorres*

Rosanne S. DeTorres
DeTorres & DeGeorge, LLC
146 Main Street
Flemington, NJ 08822
Tel:  (908) 284-6005 office
*Attorneys for Plaintiff*

Maurice Harmon
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Tel:  (610) 262-9288
E-Mail:  maurice@harmonseidman.com
*Of Counsel*